**WO**                                                                                                          SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Edward Oyenik,  ) | No. CV 07-0984-PHX-MHM (HCE) |
| ) | |
| Petitioner,  ) | **ORDER** |
| ) | |
| vs.  ) | |
| ) | |
| Thomas Schaff, et al.,  ) | |
| ) | |
| Respondents.  ) | |
| ) | |

Petitioner Ronald Edward Oyenik, who is confined in the Arizona State Prison Complex in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee and filed an Application to Proceed *In Forma Pauperis*. The Court will require an answer to the Petition.

**I.      Application to Proceed *In Forma Pauperis***

Petitioner has paid the filing fee. Moreover, under Local Rule of Civil Procedure 3.5(b), payment of the $5.00 filing fee, set pursuant to 28 U.S.C. § 1914(a), must be made if a petitioner has more than $25.00 in his inmate accounts. Petitioner's trust account certificate indicates that he has $95.34 in his inmate account. Accordingly, the Application to Proceed will be denied.

**II.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-99-092900, of sexual assault, kidnapping, and attempted sexual assault and was sentenced to 6- and 14-

TERMPSREF

1  year terms of imprisonment, to run consecutively. In his Petition, Petitioner names Thomas
2  Schaff as Respondent and the Arizona Attorney General as an Additional Respondent.
3  Petitioner raises four grounds for relief.

4  In Ground I, Petitioner alleges violations of the Sixth and Fourteenth Amendments;
5  he claims ineffective assistance of counsel due to counsel's alleged conflict of interest. In
6  Ground II, Petitioner alleges a violation of the Fifth Amendment in that the court
7  "misidentification of due process on Petitioner's post conviction proceeding raises a claim
8  on the trial judge dismissal of Petitioner's motions for extension of time." In Ground III,
9  Petitioner alleges a violation of the Fifth Amendment because in his second post-conviction
10 relief, his attorney failed to identify the relevance of Petitioner's claims or recognize that they
11 were not time barred. In Ground IV, Petitioner alleges a violation of his Sixth Amendment
12 rights when he received an aggravated sentence based on facts not found by the jury or
13 admitted by him.

14 It is unclear whether Petitioner has exhausted his claims. Even assuming that the
15 exhaustion requirement has not been met, it appears that any unexhausted claim may be
16 procedurally barred. In light of the possibility of procedural bar, a summary dismissal would
17 be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
18 petitioner failed to exhaust claims and it was not clear whether the claims were procedurally
19 barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

20 **III.    Warnings**
21     **A.    Address Changes**

22 Petitioner must file and serve a notice of a change of address in accordance with Rule
23 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
24 relief with a notice of change of address. Failure to comply may result in dismissal of this
25 action.

26     **B.    Copies**

27 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
28 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

1  certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
2  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
3  comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition, is **denied**.

///
///
///

1  (5) This matter is referred to Magistrate Judge Hector C. Estrada pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3 recommendation.

4  DATED this 22nd day of May, 2007.

_____
Mary H. Murguia
United States District Judge