**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ronald Edward Oyenik, | No. CV 07-984-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. |  |
| Dora B. Schriro, et al., |  |
| Defendants. |  |

Petitioner Ronald Edward Oyenik, who is confined in the Arizona State Prison Complex in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Respondents filed an Answer on July 10, 2007 (Doc. 10), and Petitioner filed a Traverse on July 31, 2007 (Doc. 11).

**I. Background**

On November 9, 1999, Petitioner Ronald Oyenik pleaded guilty to Kidnaping, a class 2 felony; Sexual Assault, a class 2 felony; and Attempted Sexual Assault, a class 3 felony. (Doc. 10, Exh. A) On March 20, 2000, Petitioner was sentenced to 6 years' imprisonment for Kidnaping, a consecutive 14-year term for Sexual Assault and lifetime probation for Attempted Sexual Assault. (Id. Exh. B)

Petitioner filed a Notice of Post-Conviction Relief on May 17, 2000. (Id. Exh. C) Thereafter, counsel was appointed. On August 31, 2000, counsel filed a Notice of

Case 2:07-cv-00984-MHM   Document 17   Filed 09/23/10   Page 2 of 9

1  Completion of Post-conviction Review in which he avowed that he could find no claim
2  for relief. (Id. Exh. D) Counsel also requested that the court grant Petitioner an
3  additional 30 days to file a pro se Petition for Post-Conviction Relief. (Id.)
4  Subsequently, on September 11 and October 12, 2000, Petitioner filed motions to
5  extend the time for filing his Petition for Post-Conviction Relief to October 31 and
6  December 1, 2000, respectively. (Id. Exh. E) According to Petitioner, in a response filed
7  by the state on October 24, 2000, the state "asserted no objection to a reasonable
8  extension." (Id. Exh. H)
9  Contrary to Respondents' assertion, the record does not demonstrate that the trial court
10  addressed Petitioner's motions; however, on September 20, 2000, the trial court granted
11  counsel's August 31, 2000 request for an extension of time, allowing Petitioner an
12  additional 30 days from the date of its order to file a pro se Petition for Post-Conviction
13  Relief. (Id. Exh. F)
14  On November 17, 2000, the trial court dismissed the case finding that Petitioner had
15  failed to file a Petition for Post-Conviction Relief within the time allotted. (Id. Exh. G)
16  Petitioner filed a Motion to Reconsider. (Id. Exh. H) On February 19, 2001, the trial
17  court denied Petitioner's motion. (Id. Exh. I)
18  On February 10, 2003, Petitioner, represented by counsel, filed a successive Notice
19  of Post-Conviction Relief. (Id. Exh. J) On April 29, 2003, Petitioner's counsel filed a
20  second Motion for Post-Conviction Relief requesting the trial court to ascertain if DNA
21  material taken from the victim still existed and, if so, to order that the DNA from that
22  material be compared to Petitioner's DNA. (Id. Exh. K) Accordingly, the court ordered
23  the requested DNA tests. (Id. Exh. L) After the DNA tests were conducted, the Arizona
24  Department of Public Safety issued a Scientific Examination Report. (Id. Exh. M) The
25  report confirmed that "The DNA profile from the sperm fraction of Item #3.3A (vaginal
26  swabs) matches the DNA profile from Item #12 (Ronald Oyenik) at all 14 loci." (Id. Exh.
27  M) Based on these DNA results, the state filed a Motion to Dismiss Petition for Post-
28  Conviction Relief. (Id. Exh. N) On October 21, 2003, the trial court filed an order

1 dismissing the successive Petition for Post-Conviction Relief.  (Id. Exh. O)

2     On October 30, 2003, Petitioner filed a pro se Motion for Modification of
3 Sentence and concurrent Motion for Rehearing.  (Id. Exhs. Q, R)  The state filed a
4 Response addressing both motions.  (Id. Exh. R)  In an order filed on December 3, 2003,
5 the trial court denied both motions, finding that Petitioner had failed to state factual or
6 legal reasons to justify granting either motion.  (Id. Exh. S)  On December 21, 2003,
7 Petitioner filed a Petition for Review in the Arizona Court of Appeals.  (Id. Exh. T)  On
8 March 8, 2005, the Court of Appeals denied review.  (Id. Exh. U)

9     On June 22, 2005, Petitioner, through counsel, filed a third Notice of Post-Conviction
10 Relief.  (Id. Exh. V)  The Notice included claims and arguments.  (Id.)  On August 8,
11 2005, the trial court filed an order dismissing the Notice of Post-Conviction Relief as
12 untimely.  (Id. Exh. W)  On October 31, 2005, Petitioner filed a pro se Notice of Filing
13 Petition for Review in the trial court.  (Id. Exh. X)  On November 8, 2005, Petitioner filed
14 a "Petition for Reviewing Rule 32" in the Court of Appeals.  (Id. Exh. Y)  The Court of
15 Appeals denied review on October 11, 2006.  (Id. Exh. Z)  Petitioner then filed a Petition
16 for Review in the Arizona Supreme Court on November 15, 2006 (Id. Exh. AA), which
17 was denied on March 13, 2007 (Id. Exh. BB).  Petitioner filed his Petition for Writ of
18 Habeas Corpus in this Court on May 14, 2007.

19     In his Petition for Writ of Habeas Corpus, Petitioner raises four grounds for relief.
20 In Ground I, Petitioner alleges violations of the Sixth and Fourteenth Amendments;
21 he claims ineffective assistance of counsel due to counsel's alleged conflict of interest.  In
22 Ground II, Petitioner alleges a violation of the Fifth Amendment due to the court's
23 "misidentification of due process on Petitioner's post conviction proceeding raises a
24 claim on the trial judge dismissal of Petitioner's motions for extension of time."  In
25 Ground III, Petitioner alleges a violation of the Fifth Amendment because in his second
26 petition for post-conviction relief, his attorney failed to identify the relevance of
27 Petitioner's claims or recognize that they were not time-barred.  In Ground IV, Petitioner
28 alleges a violation of his Sixth Amendment rights when he received an aggravated

1 sentence based on facts not found by the jury or admitted by him.

2 **II.      Discussion**

3 In their Answer, Respondents contend that Petitioner's habeas petition is untimely and

4 that Petitioner has not demonstrated an "extraordinary circumstance" justifying equitable

5 tolling.

6 In his Traverse, Petitioner does not address Respondents' arguments; however, he

7 emphasizes that "[a] Rule 32 proceeding is the only means available for [a pleading

8 defendant] to exercis[e] the constitutional right to appellate review." Petitioner asserts

9 that "'[g]ood cause' of ineffective [assistance of counsel] does 'exist' in defendant's

10 case" and that he "holds true" to the claims raised in his habeas petition.

11 **A.      Statute of Limitations**

12 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

13 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

14 See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year

15 from "the date on which the judgment became final by the conclusion of direct review or

16 the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Lott

17 v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). An "of-right" petition for post-conviction

18 review under Arizona Rule of Criminal Procedure 32, which is available to criminal

19 defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C.

20 § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore,

21 the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right

22 proceeding, or upon the expiration of the time for seeking such review. See id. Under

23 Arizona law, a petition for appellate review of the trial court's order denying a petition for

24 post-conviction relief must be filed within 30 days after the final decision of the trial

25 court. See Ariz. R. Crim. P. 32.9(c).

26 "The time during which a properly filed application for State post-conviction or other

27 collateral review with respect to the pertinent judgment or claim is pending shall not be

28 counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at

1  921. However, a state petition that is not filed within the state's required time limit is not
2  "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace
3  v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely
4  under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

5  In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is
6  filed even though the petition is not filed until later. See Isley v. Arizona Dep't of Corrs.,
7  383 F.3d 1054, 1055-56 (9th Cir. 2004). An application for post-conviction relief is also
8  pending during the intervals between a lower court decision and a review by a higher
9  court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v.
10 Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second
11 application for post-conviction relief is not tolled because no application is "pending"
12 during that period. See Biggs, 339 F.3d at 1048. Moreover, filing a new petition for
13 post-conviction relief does not reinstate a limitations period that ended before the new
14 petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

15 The Court's review of Petitioner's post-conviction relief proceedings reveals that
16 Petitioner's Petition for Writ of Habeas Corpus is untimely. Petitioner filed a motion
17 asking the trial court to reconsider its order dismissing his first Motion for Post-
18 Conviction Relief but did not seek appellate review of the dismissal order. Petitioner's
19 conviction therefore became final upon expiration of the time to seek appellate review of
20 the trial court's dismissal. See Lawrence v. Florida, 127 S. Ct. 1079, 1080 (2007). Thus,
21 Petitioner's AEDPA limitations period began to run on March 21, 2001, 30 days from the
22 trial court's February 19, 2001, denial of his Motion to Reconsider. Petitioner had until
23 March 20, 2002, one year from the date his conviction became final to seek federal
24 habeas review. Id.; 28 U.S.C. § 2244(d).

25 Petitioner did not have any state actions pending from March 21, 2001, until
26 February 10, 2003, when he filed his successive Notice of Post-Conviction Relief.
27 The AEDPA limitations period had expired nearly 11 months prior to the filing of
28 Petitioner's successive Notice of Post-Conviction Relief. A postconviction relief

proceeding filed after the federal-limitations period has expired has no effect on the statute of limitations calculation because the state proceeding can neither revive the limitations period nor toll the already-expired period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief proceeding after the AEDPA statute of limitations ended the delay resulted in an absolute time bar to refiling). The instant federal habeas petition, filed on April 24, 2007, was filed more than 5 years after expiration of the AEDPA statute of limitations. Therefore, the Petition is untimely under § 2244(d)(1)(A).

**B.     Equitable Tolling**

The Supreme Court recently held that the AEDPA statute of limitations is subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010). Tolling is appropriate only when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)); see Miranda v. Castro, 292 F. 3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The one-year statute of limitations may be subject to equitable tolling if Petitioner can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005). A petitioner bears the burden of alleging facts that would give rise to equitable tolling. Id.

A petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary

circumstances justifying equitable tolling. See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a [petitioner's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.")

In the present case, Petitioner has not suggested any extraordinary circumstance that would justify equitable tolling, let alone demonstrated that an external impediment forestalled the diligent pursuit of his rights. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is therefore untimely.

**C.      Certificate of Appealability**

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court" or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a Certificate of Appealability ("COA") shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000). Additionally,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

- 7 -

1   procedural ruling.
2   Id.  In the certificate, the Court must indicate which specific issues satisfy the showing.
3   See 28 U.S.C. § 2253(c)(3).

   This Court determined that Petitioner's habeas petition is untimely under the one-year statute of limitations of the AEDPA.  This Court further determined that Petitioner has failed to establish that he is entitled to equitable tolling.  The Court finds that jurists of reason would not find it debatable whether the habeas petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.  Accordingly, the Court will not issue a COA as to Petitioner's claims.  Any further request for a COA must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**III.     Conclusion**

   Based on the foregoing,

   **IT IS ORDERED** denying and dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  (Doc. 1)

   **IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 22nd day of September, 2010.

Mary H. Murguia
United States District Judge

- 9 -